UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eugene Laron Johnson, | Case No. 22-cv-2229 (KMM/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Wayne Little, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Eugene Laron Johnson's Complaint, [Docket No. 1], as well as, his Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). [Docket No. 3].

For the following reasons, the Court recommends dismissing the Complaint and denying the IFP Application as moot.

**I.    Background**

The Court received Plaintiff's Complaint on September 12, 2022; the IFP Application followed later that month. (See Compl. [Docket No. 1]; IFP Appl. [Docket No. 3]). Plaintiff prepared the IFP Application on a template form. (See IFP Appl. [Docket No. 3]) Plaintiff's Complaint is not on any such template form; instead, the Complaint is a three-page handwritten document that lacks a caption or many other standard pleading features.

Plaintiff is a prisoner presently incarcerated at the Minnesota Correctional Facility–Oak Park Heights in Stillwater, Minnesota. (See, e.g., Letter [Docket No. 8] at 1). The Complaint names one defendant: Wayne Little, a Minnesota resident identified as Plaintiff's mother's ex-husband.

(See Compl. [Docket No. 1] at 1). Plaintiff's Complaint lacks any jurisdictional statement explaining why this Court has subject matter jurisdiction over the present case. (See Id. at 1–2).

Broadly speaking, Plaintiff alleges that Defendant "used [Plaintiff's] personal information . . . to illegally gain access to [Plaintiff's] government benefits." (Id. at 1). He claims that this happened when "[Plaintiff] ended up incarcerated or in a psychiatric ward." (Id.). The exact benefits at issue are unclear, but the Complaint refers to "cash assistance," "food stamps," "EBT," and "social security benefits." (Id.). As the Court construes the Complaint, Plaintiff alleges that Defendant improperly accessed all of these sorts of benefits.

Plaintiff names no other defendant, but he does allege that he wrote to a "Welfare Office" in St. Paul, Minnesota, to "inform [it] of [w]elfare fraud and identify theft." (Id.). Plaintiff states that at some point he was able to contact a "financial worker," but that Defendant knew that Plaintiff would have difficulties contacting this person to resolve Plaintiff's benefits-related problems. (Id. at 1–2).

As for causes of action, the Complaint suggests that Defendant stole or converted certain funds belonging to Plaintiff. (See Id.). Plaintiff also suggests that Defendant caused him "emotional distress" and "prevented [Plaintiff] from being able to pay a filing fee" for an unspecified "different civil matter." (Id. at 2). The Complaint further asserts that Defendant "[broke] Minnesota state laws of identify theft, welfare fraud, [and] financial exploitation of a vulnerable adult." (Id.). Plaintiff also claims that Defendant "violated [Plaintiff's] federal constitutional civil rights by discriminating [against Plaintiff] because of [Plaintiff's] mental disability." (Id.).

For relief, Plaintiff seeks monetary damages "in the amount of $76,000.00 in punitive damages for emotional suffering." (Id. at 3).

**II.     Analysis**

Rather than pay this action's filing fee, Plaintiff submitted the IFP Application, which indicates that Plaintiff qualifies financially for IFP status. But under the federal statute governing IFP proceedings, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, [a] court shall dismiss [a] case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

To determine whether a pleading states a claim for which relief is grantable, a district court assumes that the pleading's allegations are true and makes all reasonable inferences in plaintiff's favor. See, e.g., Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594–95 (8th Cir. 2009) (citing cases). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555 (citing authorities). A district court's assessment of whether a pleading states a claim is "context-specific"; a court must "draw on its judicial experience and common sense." Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (quoting Magee v. Trs. of Hamline Univ., 747 F.3d 532, 535 (8th Cir. 2014) (cleaned up)). Although the Court construes pro se complaints liberally, pro se litigants "still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

In addition to its § 1915 responsibilities, a federal district court must ensure its own jurisdiction. See, e.g., Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). Under Federal Rule of Civil Procedure 12(h), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is a plaintiff's burden to "allege in his pleading the facts essential to show jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); see also, e.g.,

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]").

### A. Federal-question jurisdiction

As the preceding section suggests, subject matter jurisdiction is a threshold issue for this Court. There are two main avenues to federal subject-matter jurisdiction: (1) federal-question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff does not explain why he thinks that the Court has subject matter jurisdiction here, so the Court will consider both possible options in turn.

Under § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." From the Court's read, the Complaint points to only one federal-law claim: Plaintiff's suggestion that Defendant "violated [Plaintiff's] federal constitutional civil rights by discriminating [against Plaintiff] because of [Plaintiff's] mental disability." (See Compl. [Docket No. 1] at 2).

But this antidiscrimination claim faces at least two problems. First, it is unclear what constitutional or statutory provision Plaintiff thinks applies here. With respect to constitutional law, the Complaint cites no specific constitutional provisions, and it is not at all obvious to the Court that any apply here, particularly since Defendant appears to simply be a private citizen. See, e.g., Ronald D. Rotunda & John E. Nowak, 2 Treatise on Constitutional Law—Substance and Procedure § 14.4 (Westlaw, through May 2022 update) ("Almost all of the constitutional protections of individual rights and liberties restrict only the actions of governmental entities.").[1]

---

[1] The main exception is the Thirteenth Amendment, which bans slavery and involuntary servitude. See U.S. Const. amend. XIII; 2 Rotunda & Nowak § 14.4(a) (discussing Thirteenth Amendment). The conduct described in the Complaint does not concern these matters.

4

Similarly, the Complaint cites no particular statutes that provide a private right of action for the conduct described. The best that the Court can come up with is 42 U.S.C. § 12132, part of the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327. Under § 12132, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Even if one assumes solely for the sake of argument that the conduct discussed in the Complaint falls under the ADA—and it is hard to see how Congress meant for the ADA's scope to cover benefit theft—the Complaint lacks any factual allegation in support of several elements necessary to plausibly plead a claim under § 12132. For example, the Complaint does not sufficiently plead that Plaintiff is a "qualified individual with a disability." The Court is thus unaware of any constitutional or statutory antidiscrimination rule that plausibly applies here.

A second problem also looms: even if some federal antidiscrimination law does apply here, the Complaint, as presently pleaded, fails to state a plausible discrimination claim. Critically, nothing in the Complaint presents any specific facts indicating that the alleged benefit theft arose from discrimination (as opposed to simple greed). Under the pleading standards outlined above, then, the Court concludes there is simply not enough here to state a statutory antidiscrimination claim.

Therefore, to the extent Plaintiff's Complaint alleges a discrimination claim under the United States Constitution or federal statute, the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to state a claim.

### B. Diversity jurisdiction

The Court will also briefly address diversity jurisdiction. Under 28 U.S.C. § 1332(a)(1), federal district courts have "original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of costs, and is between . . . citizens of different States." The Complaint asks for $76,000 in relief, suggesting that Plaintiff might have diversity jurisdiction in mind here. But another part of § 1332(a)(1) makes that impossible: diversity jurisdiction applies to actions between "citizens of different states." Here, the Complaint indicates that both Plaintiff and Defendant are Minnesota citizens. Regardless of the amount in controversy, then, diversity jurisdiction does not exist here.

### C. Supplemental jurisdiction

The Complaint's failure to state any plausible federal law claim and inability to support diversity jurisdiction leads to the question of what jurisdiction this Court might have over Plaintiff's state law claims. The Complaint's fundamental point, of course, is that Defendant has stolen or converted funds and/or benefits due to Plaintiff. (See Compl. [Docket No. 1]). Theft and conversion are quintessential state law claims. Similarly, Plaintiff's references to intentional infliction of emotional distress and "Minnesota state laws of identity theft, welfare fraud, [and] financial exploitation of a vulnerable adult" all sound in state law. (Id. at 2).[2]

To exercise jurisdiction over these state law claims, this Court must have "supplemental jurisdiction" over them. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." But § 1367(c)(3) specifies that a district court "may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction."

---

[2] The Court need not (so will not) opine on whether Plaintiff properly states any of these state-law claims; for present purposes, the key is just that these claims are not federal-law claims.

In <u>Wilson v. Miller</u>, the United States Court of Appeals for the Eighth Circuit discussed this issue in more detail:

> A federal district court has discretionary power to decline the exercise of supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. The factors a court should consider in determining whether to exercise jurisdiction over pendent state law claims are judicial economy, convenience, fairness, and comity. [I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.

821 F.3d 963, 970–71 (8th Cir. 2016) (citations and internal quotation marks omitted); <u>see also, e.g.</u>, <u>Hayat v. Maine Heights, L.L.C.</u>, No. 21-cv-442 (ECT/KMM), 2021 WL 2379396, at *2 (D. Minn. June 10, 2021) (citing <u>McManemy v. Tierney</u>, 970 F.3d 1034, 1041 (8th Cir. 2020)).

The Complaint runs headlong into this guidance from Miller: the Court is dismissing Plaintiff's potential federal law claim long before trial. The <u>Miller</u> factors suggest no reason for this Court to retain supplemental jurisdiction over the remaining state law claims. The Court thus recommends dismissing those claims without prejudice for lack of subject matter jurisdiction.

The recommendations above, if adopted, would lead to the dismissal of this entire action. Given this, the Court further recommends that Plaintiff's IFP Application be denied as moot.

### III.   Conclusion

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED** without prejudice;

2. Plaintiff Eugene Laron Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 3, be **DENIED as moot**; and

3. Plaintiff be required to pay the unpaid balance—here, $347.34—of this action's statutory filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court be required to provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Dated: December 16, 2022                    s/Leo I. Brisbois
                                            Hon. Leo I. Brisbois
                                            United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).